ROBINSON v. NATIONAL AUTOMOBILE & CASUALTY INS. CO. (MURTISHAW & CARPENTER et al., Third Party defendants).

Civ. A. No. 2176.

District Court, W. D. Louisiana, Shreveport Division.

Feb. 7, 1948.

See, also, 7 F.R.D. 562.

Wellborn Jack and Ashley J. Gold, both of Shreveport, La., for Robinson.

Cook, Clark & Egan, of Shreveport, La., for National Automobile & Casualty Ins. Co.

Tooke & Tooke, of Shreveport, La., for Murtishaw & Carpenter.

Browne, Browne & Bodenheimer, of Shreveport, La., for Maryland Casualty Co.

DAWKINS, District Judge.

Plaintiff, an employee of Murtishaw and Carpenter, a partnership, sued National Automobile and Casualty Insurance Company, (called Casualty) for damages in tort, as the insurer of an automobile alleged to belong to Friedman Iron & Supply Co., a third party, alleging negligence, etc., of the driver of the latter's truck. Defendant, Casualty, in its answer, in turn, impleaded Murtishaw and Carpenter, Robinson's employers, as third party defendants, alleging that the collision was due solely to negligence on the part of the driver of Murtishaw and Carpenter's truck, and in the alternative, that the original plaintiff was guilty of contributory negligence, barring his recovery. Casualty prayed that plaintiff's demands be rejected, and in the alternative, that he recover solely against Murtishaw and Carpenter; and in the further alternative, if complainant recovers against Casualty, the latter have judgment against Murtishaw and Carpenter for whatever amounts it may be so cast; and finally, in the further alternative, if not permitted to recover against Murtishaw and Carpenter for the full amount of any judgment of Robinson against it, that Casualty recover not less than 50 per cent "for legal contribution."

Subsequently Maryland Casualty Company (called Maryland) intervened, alleging that it was the insurer of Murtishaw and Carpenter under a Workmen's Compensation Insurance Policy according to Act No. 20 of Louisiana Legislature, of 1914, as amended, and asking that it be reimbursed in the total sum of $729.81 as compensation paid to Robinson, hospital and medical expenses, etc., together with reasonable attorneys' fees, to be paid out of any recovery on the part of Robinson against Casualty.

Thereupon, on August 29th, 1947, Murtishaw and Carpenter appeared and charged that, in addition to the Workmen's Compensation policy, at the time of said accident, they held and there was in force a Louisiana Standard Liability Policy, issued by the Maryland, stipulating to hold said firm "free and clear of all loss and damages for the negligence and tortious acts of its employees, while operating in the course

of their business" and especially against liability of the type asserted in the original complaint. They further asked that Maryland be made a third party defendant, and in event of recovery against Murtishaw and Carpenter, they have judgment for like amount against said Maryland.

On September 6, 1947, Murtishaw and Carpenter, after denying the right of Casualty to implead them as third party defendants, alleged that the latter's complaint against them failed to state a claim upon which relief could be granted, and that at the time of the accident Robinson was an employee of Murtishaw and Carpenter, a partnership, operating trucks, etc., "in a hazardous occupation", and that said plaintiff came under the provisions of the Act 20 of 1914 and could not sue his said employers in tort.

It would seem that plaintiff, if his injuries were caused by negligence of Friedman, Casualty's insured, could sue the latter in tort, notwithstanding his rights under the Workmen's Compensation Law of the state as against his employers, Murtishaw and Carpenter. On the other hand, if on a trial, it should develop that Casualty's said insured was without fault and the accident was due solely to negligence of Murtishaw and Carpenter or their employees, plaintiff, Robinson, would be relegated to his rights under the said Louisiana statute, and could not recover from his employers or their insurer, especially in view of the provisions of the latter's policy excluding employees of Murtishaw and Carpenter as persons entitled to pursue Maryland in a tort action. On the other hand, if it should develop that the accident was caused by the joint negligence of Murtishaw and Carpenter and that of Friedman, the relationship should not prevent the latter's insurer from calling upon said partnership or its insurer for legal contribution. To that extent, when the case is finally tried on its merits the rights of the parties can be determined so that, if contribution should be due, defendant, Casualty, would be taxed the amount only of its portion of the responsibility for the accident, and as to that portion which would otherwise have been paid by Maryland, the jury or the Court, as a matter of law, would be required to deny any recovery

against Maryland as the insurer of Murtishaw and Carpenter against torts; yet, in turn, Maryland, because of its expenditures, under the policy insuring Murtishaw and Carpenter against liability for compensation, would be permitted to have reimbursement out of whatever is recovered against Casualty as its liability, in tort, for the injury.

It appears necessary, therefore, that Maryland remain as a third party defendant, to the end that the rights of the parties, both as matters of fact and law, may be contradictorily determined. The motion to dismiss it from the proceeding will therefore be denied.

Proper decree should be presented.